GREGORY P. DRESSER (BAR NO. 136532)
(gdresser@mofo.com)
SARAH E. GRISWOLD (BAR NO. 240326)
(sgriswold@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff
GLOBAL HEALTHCARE EXCHANGE, LLC


HARRY C. GILBERT (BAR NO. 129944)
(hgilbert@travelers.com)
JOSEPH COSTELLA & ASSOCIATES
215 Lennon Lane, Suite 200
Walnut Creek CA 94598

Attorneys for Defendant
MONSTER MECHANICAL, INC.

**\*\* E-Filed August 11, 2009 \*\***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLOBAL HEALTHCARE EXCHANGE, LLC, a Delaware corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>MONSTER MECHANICAL, INC., a California corporation,<br><br>                    Defendant. | Case No.    C 08-04967 HRL<br><br>**STIPULATED PROTECTIVE ORDER**<br> **AS AMENDED BY THE COURT**<br>Hon. Howard R. Lloyd<br><br>Complaint Filed:  October 30, 2008<br>Trial Date:  December 14, 2009 |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties agree that this Order applies to all productions of material after July 31, 2009, and that material produced by third parties prior to that date is not affected by this Order.

**1.     DEFINITIONS**

    1.1     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    1.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    1.3     <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

    1.4     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

    1.5     <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

    1.6     <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

    1.7     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

    1.8     <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    1.9     <u>House Counsel</u>: attorneys who are employees of a Party.

    1.10    <u>Counsel</u>: Outside Counsel and House Counsel (as well as their support staffs).

1    1.11    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

    1.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**3.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**4.    DESIGNATING PROTECTED MATERIAL**

    4.1    Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

        (a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.

        (b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of

1  the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify
2  separately each portion of testimony that is entitled to protection, and when it appears that substantial
3  portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or
4  gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a
5  right to have up to 20 days to identify the specific portions of the testimony as to which protection is
6  sought.

7  (c)  <u>for information produced in some form other than documentary, and for any
8  other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
9  container or containers in which the information or item is stored the legend "CONFIDENTIAL."

10  4.2  <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified
11  information or items as "Confidential" does not, standing alone, waive the Designating Party's right
12  to secure protection under this Order for such material.  If material is appropriately designated as
13  "Confidential" after the material was initially produced, the Receiving Party, on notification of the
14  designation, must make reasonable efforts to assure that the material is treated in accordance with the
15  provisions of this Order.

16  **5.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17  5.1  <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's
18  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
19  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its
20  right to challenge a confidentiality designation by electing not to mount a challenge promptly after the
21  original designation is disclosed.

22  5.2  <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's
23  confidentiality designation must do so in good faith and must begin the process by meeting and
24  conferring **directly (in voice-to-voice dialogue; other forms of communication are not sufficient)** with counsel for the Designating Party.

25  5.3  <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality
26  designation may file and serve a motion (in compliance with ~~General~~ **Civil** Local Rule ~~39-141~~ **79-5**, if
27  applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.
28

Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirement imposed in the preceding **paragraph and sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.**

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 8 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

1 Protected Material must be separately bound by the court reporter and may not be disclosed to

2 anyone except as permitted under this Stipulated Protective Order.

3         (g)        the author of the document or the original source of the information.

4     6.3    <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>.  If a

5 Receiving Party is served with a subpoena or an order issued in other litigation that would compel

6 disclosure of any information or items designated in this action as "CONFIDENTIAL," the

7 Receiving Party must so notify the Designating Party, in writing no more than three court days after

8 receiving the subpoena or order.  **Such notification must include a copy of the subpoena or court order.**  The Receiving Party also must inform in writing the party who

9 caused the subpoena or order to issue in the other litigation that some or all the material covered by

10 the subpoena or order is the subject of this Protective Order.

11     6.4    <u>Unauthorized Disclosure of Protected Material</u>.  If a Receiving Party learns that, by

12 inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance

13 not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a)

14 notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to

15 retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized

16 disclosures were made of all the terms of this Order, and (d) request such person or persons to execute

17 the "Agreement to Be Bound by Protective Order" (Exhibit A).

18 **7.**    **FILING PROTECTED MATERIAL.**

19 Without written permission from the Designating Party or a court order secured after

20 appropriate notice to all interested persons, a Party may not file in the public record in this action any

21 Protected Material.  A Party that seeks to file under seal any Protected Material must comply with

22 ~~General~~ **Civil** Local Rule ~~39-141~~ **79-5**.

23 **8.**    **FINAL DISPOSITION**

24 Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after

25 the final termination of this action, each Receiving Party must return all Protected Material to the

26 Producing Party or confirm in a signed writing that it has destroyed all copies of the Protected

27 Material.  As used in this section, "all Protected Material" includes all copies, abstracts, compilations,

28 summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the

1  Protected Material is returned or destroyed, the Receiving Party must submit a written certification to
2  the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day
3  deadline that identifies (by category, where appropriate) the Protected Material that was returned or
4  destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,
5  compilations, summaries or other forms of reproducing or capturing the Protected Material.
6  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,
7  motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such
8  materials contain Protected Material.  Any such archival copies that contain or constitute Protected
9  Material remain subject to this Protective Order as set forth in Section 3 above.

**9.     RIGHT TO ASSERT OTHER OBJECTIONS**

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 3, 2009          GREGORY P. DRESSER
SARAH E. GRISWOLD
MORRISON & FOERSTER LLP

By:    /s/ Sarah E. Griswold
        Sarah E. Griswold

Attorneys for Plaintiff
GLOBAL HEALTHCARE
EXCHANGE, LLC

Dated: August 3, 2009          HARRY C. GILBERT
JOSEPH COSTELLA & ASSOCIATES

By:    /s/ Harry C. Gilbert
        Harry C. Gilbert

Attorneys for Defendant
MONSTER MECHANICAL, INC.

In accordance with General Order 45, concurrence in the filing of this document has been obtained from the other signatory and I shall maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party.

                   /s/ Sarah E. Griswold

Attorneys for Plaintiff
GLOBAL HEALTHCARE EXCHANGE, LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: August 11, 2009         _____
Honorable Howard R. Lloyd
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *GLOBAL HEALTHCARE EXCHANGE, LLC v. MONSTER MECHANICAL, INC.*, No. ~~08-CV-307-FCD GGH~~ **C08-04967 HRL**.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____
[printed name]

Signature: _____
[signature]

STIPULATED PROTECTIVE ORDER  
CASE NO. C 08-04967 HRL  
sf-2717209

8